IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 15-cr-00383-RBJ-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JESSE ERWIN,

    Defendant.

---

ORDER ON MOTION FOR COMPASSIONATE RELEASE

---

    Jesse W. Erwin, a lawyer and business associate of the late Daniel Dirk Coddington, pled guilty on April 25, 2017 to Count 4 of the Indictment, charging wire fraud, and to Count 14 of the Indictment, charging securities fraud. Mr. Erwin testified as a government witness at the trial of Mr. Coddington in July 2018. On October 12, 2018 the Court sentenced Mr. Erwin to a total of 58 months in prison, followed by three years of supervised release. *See* ECF Nos. 261-263. Mr. Erwin was ordered to surrender to the Lompoc Satellite Prison Camp in Lompoc, California on December 3, 2018. ECF No. 265. He has now served approximately 19 months of his sentence.

    On June 3, 2020 Mr. Erwin, through counsel, filed the pending "Motion for Compassionate Release" pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 324. He asks the court to modify the remaining incarceration portion of his sentence to home confinement. The motion cites medical issues that put him at higher risk in the event he contracts COVID-19 (diabetes, hypertension, obesity), and statistics concerning the outbreak of the disease at the Lompoc complex. In response, the government argues (1) that Mr. Erwin has not exhausted his administrative remedies;

(2) the Bureau of Prisons has taken significant measures to protect the health of its inmates; (3) the Camp where Mr. Erwin is housed, FCC Lompoc, is separate from the Lompoc facilities (FCI Lompoc and USP Lompoc) where the severe outbreak took place; (4) because of measures taken by the BOP at Lompoc, the outbreaks at FCC Lompoc and USP Lompoc have largely passed; and (5) only the diabetes is considered by the CDC as creating a higher risk for severe illness due to COVID-19.   ECF No. 325.

## ANALYSIS

At the outset I note that the parties have not addressed the Court's authority to order a modification to home confinement under 18 U.S.C. § 3582(c)(1)(A).   Some courts have held that only the BOP, not the courts, can do so.   *See, e.g., United States v. Alvarado,* No. 1:5-cr-377-WJ, 2020WL3100868, at *1 (D.N.M. June 11, 2020); *United States v. Nash,* No. 19-40022-01-DDC, 2020WL1974305, at 2 (D. Kan. April 24, 2020).   There might be other ways to accomplish the same result.   The parties should address that issue in any future motion.

The Court can reduce the term of a sentence under the statute if certain conditions are met, i.e.,

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . if it finds that – (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The BOP has reportedly relocated numerous inmates to home confinement.   Apparently, that has not yet happened in Mr. Erwin's case.   That leaves two conditions that must be met by

2

Mr. Erwin for a compassionate reduction of his sentence under the statute. First, he must show that he requested the relief from the warden of his facility, but the relief was not granted, and more than 30 days have lapsed. Second, he must show that there are "extraordinary and compelling reasons" for granting the relief. I find that he has not yet satisfied either condition.

**Exhaustion**. Mr. Erwin asserts that beginning in April he asked for a form on which to submit such a request to the warden, because inmates were instructed that they must use "cop out" forms when they request administrative relief, but no form was provided. The government notes that the statute does not require that a request be made on a particular form, but it does not respond to Mr. Erwin's statement that the facility (whether or not appropriately) requires that such requests be submitted on a cop-out form. In any event, Mr. Erwin states that he finally received the form, and that he submitted his request to the warden on the form on May 17, 2020, but that as of the date of his motion (June 3, 2020 – fewer than 30 days after submission) he had received no response. However, he has no copy of the form he allegedly submitted. He explains that he did not have the ability to make a copy of his request at the time. The government asserts that the BOP has no record of receiving a request from Mr. Erwin.

One can question the credibility of a man who was convicted of defrauding numerous victims of substantial amounts of money. However, common sense tells me that an inmate, and certainly an educated and intelligent inmate such as Mr. Erwin, would avail himself of any opportunity to pursue modification of his sentence. I am not yet willing to find that Mr. Erwin has exhausted his administrative remedies. However, I request that the government submit an affidavit from a responsible supervisor at the facility indicating that a thorough search has again been made, and no request for modification of the sentence to home confinement has been

received by the warden to the date of the affidavit.   In the meantime, Mr. Erwin can, of course, submit another request (and make a copy this time, by hand if he doesn't have access to a photocopier).   The issue is far too serious to get bogged down in whether the request was submitted.

**Extraordinary and Compelling Reasons.**   The statute refers to policy statements issued by the Sentencing Commission.   The applicable guideline, § 1B1.13, mimics the statutory requirement that a compassionate reduction of a sentence may be made only for "extraordinary and compelling" reasons.   Application Note 1 suggests that an "extraordinary and compelling reason" would exist in four circumstances:

1. <u>Medical Condition of the Defendant</u>.   This is further defined to mean a "terminal illness," i.e., either a "serious and advanced illness with an end of life trajectory," or a condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover."   App. Note 1(A).   There is no evidence that Mr. Erwin has a terminal illness under this definition.

However, he states that he suffers from diabetes, hypertension and obesity.   The CDC considers that people with Type 2 diabetes mellitus or obesity with a BMI of 30 or higher are at increased risk for serious illness if they contract COVID-19, and that people with Type 1 diabetes mellitus or hypertension might be at higher risk for serious illness if they contract COVID-19. [https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html](https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html).   It is not clear from the motion into which of these categories Mr. Erwin fits.

The BOP has an Eighth Amendment duty to provide adequate medical care to its inmates, including to institute reasonable and appropriate measures to protect inmates from the pandemic.[1] Mr. Erwin has not asserted that he is not receiving adequate medical care.   He has not provided, so far as I can tell, evidence from a credible source concerning the measures that have been implemented at his specific facility to counter the virus.   He has not, again so far as I can tell, focused on the success or failure of those measures at his specific facility.[2]   The statistical information he provides concerning FCI Lompoc and USP Lompoc is concerning.   However, I cannot just assume that the experience there is applicable to his specific facility in June 2020.

    2.   Age of the Defendant.   This concerns inmates age 65 and older.   App. Note 1(B).   Mr. Erwin is 53 years old.

    3.   Family Circumstances.   This means either the death or incapacitation of the caregivers of the defendant's minor child or children, or the incapacitation of the defendant's spouse or

---

[1] The recent order of Judge Kane, cited in Mr. Erwin's motion, listed actions taken by the BOP at FCI Englewood including
- Securing all inmates in their assigned cells or quarters for a period of at least 14 days;
- Limiting group gathering and promoting social distancing to the extent possible;
- Severely restricting the movement of inmates and detainees among facilities;
- Cancelling all official staff travel;
- Issuing face masks to all staff and inmates and strongly encouraging them to cover their faces when social distancing cannot be achieved;
- Screening staff members for symptoms in areas with sustained community transmission;
- Restricting contractor access to facilities to only those performing essential services or necessary maintenance.
- Suspending social visits beginning March 13, 2020; and
- Permitting legal visits on a case-by-case basis only after the attorney has been screened for symptoms.

*United States v. Jenkins,* No. 99-cr-00439-JLK-1, 2020 WL 2466911, at *4 (D. Colo. May 8, 2020).

[2] In *United States v. Brewington*, No. 15-cr-00073-PAB (April 29, 2020), transcript filed in the present case as ECF No. 324-2, Mr. Brewington testified that he was on that date in the south camp, Lompoc, Building A.   *Id.* at 5.

5

registered partner when the defendant would be the only available caregiver for that person.  App. Note 1(C).  Mr. Erwin has not shown (or argued) that either prong of this category applies.  The Court expresses its condolences to Mr. Erwin and his family on the death of his mother in February 2020.  I am aware that Mr. Erwin and his mother were close.

    4.  <u>Other Reasons</u>.  This is explained in Application Note 1(D) as follows: "As determined by the Director of the Bureau of Prisons, there exists in defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)."  By its terms this catchall exception is triggered by the Director of the BOP.  However, "[s]ince the passage of the First Step Act … a majority of federal district courts have found that 'the most natural reading of the amended § 3582(c) . . . is that the district court assumes the same discretion as the BOP director when it considers a compassionate release motion properly before it.'"  *United States v. Perez,* No. 88-10094-1-JTM, 2020 WL 1180719, at *2 (D. Kan. March 11, 2020) (quoting *United States v. Brown,* No. 4:05-00227-1, 2019 WL 4922051m R *4 (S.D. Iowa Oct. 8, 2019).  Therefore, I consider whether there is an extraordinary and compelling reason for a compassionate reduction of Mr. Erwin's sentence that has not been specifically identified by the Director.

    Other than his medical situation, however, I find no reason to modify the sentence.  Mr. Erwin and Mr. Coddington engaged in a massive and complicated fraud that impacted numerous victims.  Mr. Coddington received a sentence of 120 months.  Unfortunately, he passed away shortly after arriving at the BOP facility designated for him (unrelated to COVID-19 so far as I am aware).  Mr. Erwin received a much lower sentence, reflecting a substantial departure below the applicable guideline range.  He has now served only about a third of the sentence imposed, which

distinguishes his case from the inmate's situation discussed in Judge Kane's order. He has not provided an extraordinary and compelling reason for a reduction of his sentence under the catch all provision.

## ORDER

Defendant's Motion for Compassionate Release, ECF No. 324, is DENIED, without prejudice. Any future motion should comply with the Court's practice standards concerning page limits.

DATED this 1st day of July, 2020.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge